37 F.3d 1497
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
W. J. STACKHOUSE, Defendant-Appellant.
 No. 93-5265.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 17, 1993.
Decided: October 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-92-110-5-CR-BR)
 Michael G. Howell, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.
 James R. Dedrick, United States Attorney, Christine B. Hamilton, Assistant United States Attorney, James Knudsen, Third Year Law Student, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 W. J. Stackhouse pleaded guilty to robbing the Centura Bank of Wilson, North Carolina, in violation of 18 U.S.C. Sec. 2113(a) (1988), and was sentenced as a career offender to 170 months in prison with three years of supervised release. The court ordered Stackhouse to make restitution to the bank in the amount of $319, to be completely paid within five years of Stackhouse's release from incarceration. Stackhouse now appeals, arguing that the district court erred in refusing to depart downward from the federal sentencing guidelines* when imposing sentence, and that the district court likewise erred in ordering restitution without making specific findings of fact concerning Stackhouse's financial circumstances, and without first determining whether the loss sustained by the bank would be paid by an insurer. We affirm.
 
 
 2
 * We turn first to the restitution issues, which, not having been raised below, are only reviewable for plain error. United States v. Olano, 61 U.S.L.W. 4421 (U.S.1993). The district court concluded that Stackhouse did not have the ability to pay both restitution and a fine, but relying on the findings contained in the presentence report, determined that $319 restitution to the bank was appropriate. The presentence report noted Stackhouse's earning history at a series of minimum wage jobs, his lack of any assets or debts, and his lack of family obligations.
 
 
 3
 Pursuant to 18 U.S.C.A. Sec. 3664(a) (West 1985 & Supp.1994), district courts, when ordering restitution, are required to consider "the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." We find that the district court made sufficient finding by adopting the presentence report. The order of restitution is therefore affirmed.
 
 
 4
 Stackhouse also argues that the district court erred in ordering that the restitution be paid to the Centura Bank, without first determining whether the bank would receive compensation from an insurer. The court may not impose restitution "with respect to a loss for which the victim has received or is to receive compensation, except that the court may, in the interest of justice, order restitution to any person who has compensated the victim for such loss to the extent that such person paid the compensation." 18 U.S.C. Sec. 3663(e)(1) (1988). Because Stackhouse failed to note an exception to the insurance issue below, we affirm that order.
 
 II
 
 5
 We turn next to Stackhouse's argument that the district court's sentence reflected the mistaken view that it had no authority to depart downward from the sentencing guidelines. We have held that the failure to depart downward is only reviewable on appeal if the district court is unaware that it has authority to so depart. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). However, that erroneous view must be evident in the record; it cannot be inferred from silence. Bailey, 975 F.2d at 1035.
 
 
 6
 The facts of this case simply do not support Stackhouse's contention. During the course of the sentencing hearing, the district court noted Stackhouse's argument that he was entitled to a downward departure, but ultimately concluded that no deviation from a midguideline sentence was warranted, because such a sentence already reflected the fact that Stackhouse, a career offender, had turned himself in to the police the day after being released as a suspect. Although the district court did not use the magic phrase "downward departure," its discussion of the reasoning behind its choice of sentences and its express rejection of Stackhouse's view that his contrition required more than the three-level downward adjustment of section 3E1.1(b) easily reflects the court's awareness of its authority to depart. The sentence imposed is therefore unreviewable.
 
 
 7
 For the foregoing reasons, we affirm Stackhouse's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1992)